UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:25-cr-00544-WFJ-NHA

WALTER MALAKAI

## UNITED STATES MOTION IN LIMINE

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, respectfully moves this Court in limine to exclude the introduction of evidence, opening statement, or closing argument relating to any defense based upon an alleged mistake of law, fact, or alleged lack of specific intent, jury nullification, or the rule of completeness, pursuant to Fed. R. of Evid. 401, 403, and 106, for the reasons stated below.

### I. Background

The defendant was charged by Information with one count of voting by an alien, in violation of 18 U.S.C. 611(a). Doc. 1. The statute provides:

> **(a)** It shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner, unless—
>
> **(1)** the election is held partly for some other purpose;

> **(2)** aliens are authorized to vote for such other purpose under a State constitution or statute or a local ordinance; and
> **(3)** voting for such other purpose is conducted independently of voting for a candidate for such Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices.

> **(b)** Any person who violates this section shall be fined under this title, imprisoned not more than one year, or both.

> **(c)** Subsection (a) does not apply to an alien if—
> **(1)** each natural parent of the alien (or, in the case of an adopted alien, each adoptive parent of the alien) is or was a citizen (whether by birth or naturalization);
> **(2)** the alien permanently resided in the United States prior to attaining the age of 16; and
> **(3)** the alien reasonably believed at the time of voting in violation of such subsection that he or she was a citizen of the United States.

*See* 18 U.S.C. § 611(a), (b) and (c).

The elements that must be met beyond a reasonable doubt are:

(1) the defendant was an alien at the time alleged in the information

(2) the defendant knowingly voted in an election;

(3) that one purpose of the election in question was to elect a candidate for the office of either President, Vice President, or Member of the House of Representatives.

An "alien" is any person who is not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

In this case, after registering to vote online in February 2024, the defendant voted early for the November 2024 presidential election. At no time was the defendant a United States citizen.

The United States seeks to preclude any defense based upon any alleged lack of understanding or knowledge that the defendant was violating federal law. Additionally, the government seeks to exclude any reference to the potential punishment or collateral consequences defendant's face upon conviction, including but not limited to incarceration or deportation, and any evidence or argument seeking jury nullification.

## II. Memorandum of Law

The government seeks the Court to exclude evidence and argument related to any collateral consequence of a conviction, evidence and argument regarding mistake of law, and jury nullification.

### A. The issue of punishment and collateral consequences are irrelevant for trial

It is well-settled question of law that a jury should not be permitted to consider a defendant's potential punishment if convicted. *United States v. McDonald*, 935 F. 2d 1212, 1222 (11th Cir. 1991). Should a jury convict a defendant, the matter of sentencing is solely for the Court to adjudicate. *Id*. Any collateral consequences of a conviction have no bearing on the issue the jury is required to determine. Specifically, the jury is to determine whether a defendant is guilty of the offense

alleged in the Information. The only matters relevant to such a determination are those tending to prove or disprove any of the elements of the respective offenses. Information related to collateral consequences following a conviction is irrelevant matters that should be excluded from evidence in accordance with Fed. R. Evid. 402.

**B. The defendant may not argue or offer evidence regarding specific intent or mistake of law**

Here, the defendant is charged with a general intent crime. As written, the statute contains no reference to or requirement of knowing or willful conduct. Where no specific intent element is apparent on the face of the statute, the crime is one of general intent. *United States v. Ettinger*, 344 F. 3d 1149, 1158 (11th Cir. 2003) (finding that 18 U.S.C. §111, another statute silent as to intent, is a general intent crime). Criminal statutes which have been similarly silent regarding scienter have consistently been treated as general intent crimes. *E.g., United States v. Henry*, 111 F.3d 111, 114 (11th Cir.) (finding that 8 U.S.C. § 1326, which is silent as to intent, is a general intent crime), *cert. denied*, 522 U.S. 894 (1997); *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004) (finding the same with respect to the attempted violation of 8 U.S.C. §1326).

The general intent requirement of Section 611 has been held to conform to constitutional standards. *See United States v. Knight*, 490 F.3d 1268, 1270 (11th Cir. 2007). A defendant need not intend to violate the law to commit a general intent crime, but must actually intend to do the act that the law forbids. *United States v. Phillips*, 19 F.3d 1565, 1576 (11th Cir. 1994); *see also United States v. Adams*, 265 F.3d

420, 424 (6th Cir. 2001) (a general intent crime requires the knowing commission of an act that the law makes a crime, while a specific intent crime requires additional bad purpose); *United States v. Berrios-Centeno*, 250 F.3d 294, 298-99 (5th Cir. 2001) (same). Therefore, in this case, the defendant must have known that he was not a citizen, and that the act he performed was an act of voting. It is not necessary to prove that the offender knew that voting by non-citizens was illegal.

Because Section 611 requires only proof of general intent, evidence intended to refute any allegation concerning the defendant's specific intent should be excluded. A defendant's constitutional right to present a full defense does not entitle him to the admission of irrelevant or otherwise inadmissible evidence. *United States v. Anderson*, 872 F.2d 1508 (11th Cir.), cert. denied, 493 U.S. 1004 (1989). Even if evidence is relevant, it will be excluded where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403.

Thus, the defendant should not be permitted to present evidence concerning his subjective belief of the state of the law, or evidence of any advice he received concerning the law, or evidence of alleged good faith or lack of understanding of the law. *See also United States v. Morales-Palacios*, 369 F.3d 442, 448 (5th Cir.) (district court properly granted motion in limine excluding evidence of defendant's subjective belief in Attorney General's permission to enter the United States, since 8 U.S.C. §1326 required only proof of general intent), *cert. denied*, 125 S. Ct. 159 (2004).

Especially concerning ignorance of the law, this Court should exclude evidence. Ignorance of the law is not a defense. *United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir. 1998).

**C. The defendant may not argue for a jury nullification verdict**

Similarly, the defendant should not be permitted to seek jury nullification. It is impermissible to make such an argument, as it encourages jurors to disregard their oath to follow the law as set forth in the Court's instructions. *United States v. Trujillo*, 714 F. 2d 102, 105-106 (11th Cir. 1983). Moreover, "the potential for nullification is no basis for admitting otherwise irrelevant evidence." *United States v. Funches*, 135 F. 3d 1405, 1408-09 (11th Cir. 1998), *cert. denied*, 524 U. S. 962. A defendant is not entitled to present evidence or argument solely to promote jury nullification. *United States v. Young*, 470 U.S. 1, 7-10 (1985) (the court has a duty to prevent counsel from making improper arguments to the jury, including those that are designed to divert the jury from its duty to decide the case on the facts and the law.).

The government believes the defendant may try to put forth testimony that defendant's husband registered him to vote, and therefore, the defendant lacked knowledge regarding the legality of voting. The defendant is not charged with the act of registering to vote or any false statements within a voter application. The defendant is charged with knowingly voting in a federal election, a right reserved only for United States citizens, and which the defendant is not. Such evidence regarding a voter application may be confusing for a jury, is not relevant to proving or disproving the elements of the crime charged, and could lead to jury nullification.

### D. Fed. R. Evid. 106 does not require the introduction of the complete audio recording of defendant's interview

Rule 106 provides that, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Rule 106 "does not automatically make the entire document [or recording] admissible" once one portion has been introduced. *United States v. Lanzon*, 639 F.3d 1293, 1302 (11th Cir. 2011) (quoting *United States v. Simms*, 385 F.3d 1347, 1359 (11th Cir. 2004)). Rather, "the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." *Id.* (quoting *Simms*, 385 F.3d at 1359).

At trial, the government does not plan to introduce the recorded interview, which is approximately 32 minutes, but will illicit limited testimony from the interview: the defendant admitted to the agent that he knows he is not a United States citizen and that he did vote in the November 2024 presidential election.

The defendant's interview was conducted in the presence of his husband, who is very vocal during the conversation. The husband interjected answers to the agent's questions to such an extent that creating smaller clipped portions is not feasible. The defendant's husband alleged during the agent's questions that he registered the defendant to vote and did not know defendant was not a US citizen – therefore, the husband alleged he checked the box online claiming defendant was a United States citizen. The husband's statements are hearsay and not relevant to the elements of the

charged crime. Furthermore, falsely filling out a voter application form could subject an individual to criminal charges. A person who willfully swears or affirms falsely, or procures another to do so, in connection with or arising out of voting elections, is guilty of a third-degree felony pursuant to Florida Statute 104.011(a).[1]

---

[1] If the defendant's husband attempted to testify to the statements contained in the audio, it would not be relevant to the charged crime but lend itself to a jury nullification argument and/or criminal exposure requiring the advice of counsel. Should the defendant's husband testify on his behalf, the government requests a proffer of expected testimony outside the presence of a jury. This is necessary to determine if counsel need be appointed for the witness and to ensure the witness will not invoke his right to remain silent. A witness may not invoke the privilege against self-incrimination during cross-examination. *United States v. Garcia*, 778 F. App'x 779, 788-89 (11th Cir. 2019). In *Garcia*, the Eleventh Circuit held that the trial court did not abuse its discretion in striking a witness's direct testimony where the witness invoked her privilege against self-incrimination during cross examination.

## III. Conclusion

The government seeks the Court grant this motion in limine preventing argument or evidence presented to the jury regarding punishment, collateral consequences of a conviction, evidence tending to prove specific intent for a general intent crime, and jury nullification.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/Ilyssa M. Spergel*
Ilyssa M. Spergel
Assistant United States Attorney
Florida Bar No. 0102856
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6300
Facsimile: (813) 274-6178
E-mail: ilyssa.spergel@usdoj.gov

**U.S. v. Malakai** **Case No. 8:25-cr-544-WFJ-NHA**

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/Ilyssa M. Spergel*
Ilyssa M. Spergel
Assistant United States Attorney
Florida Bar No. 0102856
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6300
Facsimile: (813) 274-6178
E-mail: ilyssa.spergel@usdoj.gov